O. G. RICHTER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 92208. Promulgated March 19, 1942.

*Douglas L. Hatch, Esq.,* for the petitioner.
*John W. Smith, Esq.,* for the respondent.

ARUNDELL: This proceeding is here under mandate of the Circuit Court of Appeals for the Third Circuit, as directed by the Supreme Court that we determine whether income of the trust created by petitioner on December 29, 1930, is taxable to petitioner under section 22 (a) of the Revenue Act of 1934 in the light of *Helvering* v. *Clifford*, 309 U. S. 331.

We are of the opinion that the instant case can not be validly distinguished from *Helvering* v. *Clifford*, *supra*, in which the Supreme Court held that the grantor of a short term trust in favor of the grantor's wife was taxable on the income of the trust on the ground that he remained substantially the owner of the trust corpus. There the trust was for a term of five years, the grantor was sole trustee, and extremely broad powers of control over the trust corpus were vested in the grantor. The trust here under consideration was of short duration, was in favor of petitioner's wife, and might be revoked by petitioner with the written consent of his wife. The fact that a trust company rather than petitioner was trustee is not sufficient to take the case out of the ambit of the *Clifford* case. *Commissioner* v. *Buck*, 120 Fed. (2d) 775; *Sterling Morton*, 45 B. T. A. 771.

The trust here differs from the one considered in the *Clifford* case in another respect, in that petitioner retained and exercised no control over the trust during its existence. We believe, however, that the short term of the trust (approximately five and one-half years) and the close family relationship of petitioner and the beneficiary are sufficient to cause the trust income to be taxed to petitioner under section 22 (a). A like interpretation of substantially similar facts was made by the Circuit Court of Appeals for the Second Circuit in *Commissioner* v. *Barbour*, 122 Fed. (2d) 165, and *Helvering* v. *Elias*, 122 Fed. (2d) 171. See also *Ellis H. Warren*, 45 B. T. A. 379, 385, in which we stated that "In the case of a family trust of short duration, where the corpus of the trust is to return to the grantor upon the expiration of a few years, the degree of control held by the grantor is unimportant." In any event, it should be noted that petitioner here had a measure of control over the trust by virtue of his relationship to the beneficiary and his reserved right to terminate the trust upon her written consent.

Because of computation necessary to reflect the allowance, pursuant to stipulation, of a credit for foreign taxes paid by petitioner in the sum of $112.50,

*Decision will be entered under Rule 50.*