Bertha M. Gordon v. Commissioner.
Gordon v. Commissioner
Docket No. 106973.
United States Tax Court
1943 Tax Ct. Memo LEXIS 360; 1 T.C.M. (CCH) 914; T.C.M. (RIA) 43179; April 17, 1943
*360 Where petitioner, a person of means, transferred in 1939 certain shares of stock to herself and husband as trustees, the income to be accumulated for about three and one-half years until the beneficiary, who was their youngest child, reached the age of 21, at which time the accumulations were to be paid over to him and thereafter the net income until he reached the age of 23 years, at which time the trust was to terminate and the corpus and all accumulations of income, if any, and any accrued, unexpended or unapplied income therefrom were to be paid to petitioner, and where the trustees were given broad powers of management of the corpus and where petitioner at her pleasure could remove the trustees and appoint others, held, the income from the trust is taxable to petitioner under section 22 (a) of the Internal Revenue Code. Helvering v. Clifford, 309 U.S. 331. Where during the taxable year petitioner executed an assignment to her husband of any dividends that might be declared on certain stock between the date of the assignment and the close of the taxable year, and where thereafter and during the taxable year dividends were declared on such stock and *361 were paid to the assignee, and where petitioner at all times here material remained the owner of the stock upon which the dividends were declared, held, petitioner is taxable on such dividends as her own income. Helvering v. Horst, 311 U.S. 112. Charles H. Lieb, Esq., for the petitioner. Harold D. Thomas, Esq., for the respondent. BLACK
Memorandum Findings of Fact and Opinion This proceeding is for the redetermination of a deficiency in income tax for the calendar year 1939 determined by the respondent against petitioner in the amount of $5,848.48. In a statement attached to the deficiency notice the respondent made adjustments to the net income as disclosed by petitioner's return and explained them as follows: Net income as disclosed by return
$40,669.22
Unallowable deductions and addi-
tional income: (a) Dividends from Cli-
max Molybdenum
Company
$15,600.00
(b) Income from trust
2,300.00
(c) Net short-term gain
1,058.00
(d) Taxes
100.00
19,058.00
Net income adjusted
$59,727.22
Explanation of Adjustments (a) In view of the principles set forth in the decision of the United States Supreme Court in Helvering v. Horst, 61 S. Ct. 144, *362 dividends of $15,600.00 payable in December, 1939, by Climax Molybdenum Company of 12,000 shares of stock of Climax Molybdenum Company owned by you are held to constitute taxable income to you. The purported assignment of the aforesaid dividends to your husband is ineffectual for the shifting of the tax liability since you did not relinquish control and ownership of the property producing the income. (b) It is held that the income from the trust created by you on November 9, 1939, for the benefit of your son, Richard M. Gordon, is taxable to you under the provisions of section 22 (a), as amended, of the Internal Revenue Code. Accordingly, the net income of the trust for the year 1939 in the amount of $2,300.00 is included in your gross income. * * *
(d) Deduction of $3,214.38 for taxes paid is reduced to $3,114.38. The difference of $100.00, representing unsubstantiated miscellaneous taxes claimed, is disallowed. Petitioner by appropriate assignments of error contests only adjustments (a), (b) and (d). Petitioner offered no evidence as to adjustment (d) and has apparently abandoned that assignment of error. Findings of Fact Petitioner is married and lives with her husband, *363 William S. Gordon, in New York City. She filed her income tax return for the calendar year 1939 with the Collector of Internal Revenue for the Third District of New York. Petitioner and her husband have a son, Richard M. Gordon, born May 7, 1922. They also have two older married children. On November 9, 1939, petitioner created a trust for the benefit of her son Richard, who was approximately seventeen and a half years of age on the date of the creation of the trust. Article I of the trust instrument provided in part as follows: The Settlor does hereby sell, assign, transfer and set over to the Trustees one thousand (1,000) shares * * * of the capital stock of Climax Molybdenum Company, a corporation duly organized and existing under and by virtue of the laws of the State of Delaware, and all dividends now accrued, declared and unpaid thereon, which, together with any and all other funds and property which may hereafter be added thereto or exchanged therefor, as hereinafter provided, are hereinafter referred to as the "trust estate", to be had and held by the Trustees upon the following express trusts and conditions, and with the powers and limitations herein expressly set forth, *364 that is to say, TO HAVE, HOLD AND MANAGE the said trust estate, and to invest and, from time to time, to sell, exchange and otherwise dispose of and reinvest the same, or the proceeds thereof, and to collect the rents, issues, income or revenues therefrom (hereinafter without distinction referred to as "income"), as well as the profits therefrom arising, until RICHARD M. GORDON, son of the Settlor, arrives at the age of twenty-three (23) years, or sooner dies, and, after deducting all proper taxes, charges and expenses of the administration and management of the said trust estate, to accumulate said net income therefrom until said RICHARD M. GORDON arrives at the age of twenty-one (21) years, at which time the Trustees shall pay over to him all such accumulations, and, thereafter, shall pay said net income to him or expend the same for his maintenance, education and support, or both, in such a manner as to them may seem proper. Upon the arrival of said RICHARD M. GORDON at the age of twenty-three years, or upon his death prior to arrival at such age, the trust hereby created shall cease, determine and come to an end, and the principal of the trust and all accumulations of income, *365 if any, and any accrued, unexpended or unapplied income therefrom shall be paid over to the Settlor, to her own use absolutely and forever. The "Trustees" designated in the trust instrument were petitioner and her husband. At the time of the creation of the trust Richard had no assets or income of any consequence, whereas petitioner was a woman of means. For the taxable year in question petitioner reported a net income of $40,669.22. When the trust was created petitioner and her husband estimated that Richard would have finished his education by the time he reached the age of twenty-three. The purpose of petitioner in executing the trust was to place the beneficiary in a position where, irrespective of anything that might happen to petitioner or to her husband, the son's education, both in preparatory school and in college, would be assured and he would have funds of his own from the accumulations created by the trust to enable him, after leaving college, to take care of himself while looking for employment without the necessity of applying to his parents for maintenance and support. By Article II of the trust instrument the beneficiary was precluded from assigning any part of the *366 income or principal of the trust and it was further provided that the income and principal were exempt from attachment, trustee process, garnishment or other legal proceedings or process while in the hands of the trustees. Article III of the trust instrument reads as follows: The Trustees are authorized and empowered, in their discretion, to invest, to keep invested and reinvest the trust estate, or any part thereof, including any accumulation of income or the proceeds of any sale or other disposition of any property at any time constituting a part of the Trust herein created, in such investments, securities or other property as they may deem proper, without being restricted or limited to investments, securities or property authorized by the laws of the State of New York for the investment of trust funds. The next four articles of the trust instrument gave the trustees broad powers in the management of the trust property, including the right to vote stock, to sell or exchange the trust property, to acquire other securities or property of every nature, to borrow money with or without collateral security, and in general to exercise all the powers that might be lawfully exercised *367 by an individual owning such securities or obligations and acting in his own right and interest. Under the remaining articles the trust instrument provides that the settlor may make additions to the corpus, but none have been made. The settlor has one power to add to the number of trustees, and appoint such additional or substituted trustees as she may desire, and to require the resignation of the trustees or any of them, and in the event that a trustee should die, resign or become incapacitated, she is to have the right to fill the vacancy if then living; otherwise, such vacancy is to be filled by the remaining trustee or trustees. The trustees are under no liability in connection with the management of the trust estate, except for their own willful default or misconduct. During the year 1939, dividends upon the stock of Climax Molybdenum Company in the amount of $2,300 were received by the trust estate, which filed an income tax return, reporting thereon the dividends so received, and paid the tax thereon shown to be due amounting to $88. The dividends of $2,300 consisted of a special dividend of $1 per share declared on October 23, 1939, and payable to stockholders of record as *368 of a date prior to November 9, 1939, but actually paid on November 10, 1939; another special dividend of $1 per share declared on December 8, 1939, and payable on December 22, 1939; and a regular 30 cents per share quarterly dividend declared on December 8, 1939, and payable on December 22, 1939. The respondent in determining the income tax deficiency involved herein has determined that such dividends in the amount of $2,300 constituted a part of petitioner's income for the calendar year 1939. On December 6, 1939, petitioner duly executed an instrument, the body of which is as follows: KNOW ALL MEN BY THESE PRESENTS: That I, BERTHA M. GORDON, of the Borough of Manhattan, City, County and State of New York, have assigned, transferred and set over, and do hereby assign, transfer and set over, to WILLIAM S. GORDON, of the same place, the right to receive all dividends which may be declared and paid between the date hereof and December 31, 1939 on twelve thousand (12,000) shares of the capital stock of Climax Molybdenum Company, a Delaware corporation, standing in my name on the books of said company. IN WITNESS WHEREOF, I have hereunto set my hand and seal this 6th day of December, *369 1939. The directors of the Climax Molybdenum Company, at a meeting held on December 8, 1939, after the execution of the above instrument, declared the regular quarterly dividend of 30 cents per share, and an extra dividend of $1 per share, making a total of $15,600 on the 12,000 shares of stock which were the subject matter of the assignment. The capital stock of the Climax Molybdenum Company outstanding for the years 1936 to 1939, inclusive, was 2,520,000 shares. The net earnings per share and the dividends per share for those years were as follows: Earnings
Quarterly
Per
Dividends
Year
Share
1st
2nd
3rd
4th
1936
2.065 20 20 20 40 1937
2.85 30 30 30 30 1937
(Special
Dividend)
50 1938
3.12 30 30 30 30 1938
(Special
Dividend)
1.00
1939
4.09 30 30 30 30 A special dividend of $1 was declared on October 23, 1939, payable to stockholders of record as of a date prior to November 9, 1939 but actually paid on November 10, 1939. Another special dividend of $1 was declared on December 8, 1939, payable December 22, 1939. The assignment of December 6, 1939, was duly filed with the *370 Irving Trust Company through which the dividends of the Climax Molybdenum Company were paid, and the said dividends of $15,600 were thereafter paid to William S. Gordon, who filed his income tax return for the year 1939 and included in his income so reported the dividends of $15,600 and paid the tax thereon. The respondent is arriving at the deficiency involved herein included the dividends of $15,600 in the income of petitioner. For the purposes of section 22 (a) of the Internal Revenue Code petitioner did not cease to be the owner of the abovementioned 1,000 shares of the capital stock of Climax Molybdenum Company after the Richard M. Gordon trust was created. Opinion BLACK, Judge: The issues presented here are the same as those decided in the income tax case of Florence S. Hyman, 1 T.C. 911. The first issue is whether the respondent erred in determining that the income of the Richard M. Gordon trust in the amount of $2,300 is taxable to petitioner under section 22 (a) of the Internal Revenue Code. The trust instrument in the instant proceeding differs from the John Arthur Hyman trust in two particulars. First, the Hyman trust was for a period *371 slightly over 12 years, whereas the Gordon trust was for a period slightly less than five and one-half years. Second, the settlor in the Hyman trust reserved "the right to designate any beneficiary or beneficiaries, other than herself, to receive the income and/or principal in place and stead of the beneficiaries named" in the trust instrument, whereas the Gordon trust contains no such reservation. In all other material particulars the two trusts are identical. The fact that petitioner here did not reserve the right to change beneficiaries, as did the settlor in the Hyman trust, operates in petitioner's favor, but the fact that the instant trust was for a period of slightly less than five and one-half years operates in respondent's favor. The two factors are complimentary; the shorter the term, the less important the reserved powers, and vice versa. Cf. Helvering v. Elias, 122 Fed. (2d) 171, 173, certiorari denied, 314 U.S. 692; Commissioner v. Barbour, 122 Fed. (2d) 165, certiorari denied, 314 U.S. 691. In the latter case where the trust was for 6 years and 16 days, *372 the Second Circuit said in part: * * * It would seem reasonable to say that the income of trusts which are not substantially longer than the one in Helvering v. Clifford are to be taxed against the grantor if, he retains the reversion and the income of the property originally in his hands remains "within an intimate family group". * * * The Gordon trust, which was to last slightly less than five and one-half years, was not substantially longer than the one in Helvering v. Clifford, 309 U.S. 331. The trust in the Clifford case was for five years. Petitioner in the Gordon trust retained the reversion and the income of the property originally in her hands remains "within an intimate family group" as was the situation in the Clifford case. Cf. H. C. Price v. Commissioner, 132 Fed. (2d) 95; O. G. Richter, 46 B.T.A. 724. We hold that the respondent did not err in his determination as to this issue. The second issue relating to the assignment of the right to receive dividends is identical with the second issue in the Hyman case. The facts are also identical except for the *373 names of the parties and the amounts involved. For the reasons given in the Hyman case we sustain the respondent's determination as to this issue. Decision will be entered for the respondent.